## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

SANDEEP GUPTA,                              :
     Plaintiff                        :
                                      :
     v.                               :     C.A. No.:
                                      :
SMART SOURCE USA, LLC and                   :
RAMESH GANISETTI,                           :
     Defendants                       :

## COMPLAINT

### I.    Introduction

1.    This is an action brought by the Plaintiff against the Defendants seeking compensatory, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of the unlawful failure to pay wages in violation of the Rhode Island Wage Act, R.I.G.L. §28-14-1, *et seq.* ("RIWA") and common law and to remedy the unlawful discrimination in employment the Plaintiff suffered in violation of the RIWA and the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I.G.L. §28-50-1, *et seq.*

### II.    Parties

2.    During all relevant time periods, the Plaintiff was a resident of the City of East Providence, County of Providence, State of Rhode Island and was an employee as that term is defined under the RIWA and the RIWPA.

3.    Defendant Smart Source USA, LLC ("Smart Source") is a limited liability company organized pursuant to the laws of the State of Florida and maintains its principal place of business at 380 Commerce Parkway, Rockledge, Florida 32955.  During all relevant time periods, Defendant Smart Source conducted business within the State of Rhode Island and was an employer as that term is defined under the RIWA and the RIWPA.

4.     During all relevant time periods, Defendant Ramesh Gangisetti ("Gangisetti") was employed by Defendant Smart Source and was Plaintiff's supervisor.  On information and belief, during all relevant time periods, Defendant Gangisetti was a resident of the State of Florida.

### III.    Jurisdiction

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 insofar as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

### IV.    Venue

6.     Venue is proper in this Court, in compliance with the requirements set forth in 28 U.S.C. §1391, insofar as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the State of Rhode Island and/or the Defendants have sufficient contacts with the State of Rhode Island to subject them to this Court's personal jurisdiction.

### V.    Material Facts

7.     In 2014, the Plaintiff was hired by Defendant Smart Source as a Computer Programmer.

8.     During his employment at Defendant Smart Source, the Plaintiff was paid an hourly rate and was compensated by Defendant Smart Source on a monthly basis.

9.     During several months in 2014 and 2015, the Plaintiff was not paid for all hours worked as follows:

      a.     in March, 2014, he was not paid $6,032.00;
      b.     in April, 2014, he was not paid $6,320,00;
      c.     in May, 2014, he was not reimbursed for travel expenses in the amount of $592.00;
      d.     in July, 2015, he was not paid $2,615.04;
      e.     in August, 2015, he was not paid $8,064.00;
      f.     in September, 2015, he was not paid $8,467.20; and,
      g.     in October, 2015, he was not paid $4,032.00.

10.     The Plaintiff complained to employees and/or agents at Defendant Smart Source, including, but not limited to, Defendant Gangisetti, that, in violation of Rhode Island law, he was not being properly compensated for all hours he worked.

11.     Despite his complaints, Defendants failed and/or refused to pay the Plaintiff the proper amount of wages owed.

12.     Defendants have willfully, repeatedly, and in bad faith violated the provisions of the RIWA for failing to pay the Plaintiff for each hour worked.

13.     In response to the Plaintiff reporting wage violations under Rhode Island law to Defendant Gangisetti, the Defendants subjected the Plaintiff to workplace discrimination and retaliation.

14.     Because the Plaintiff reported wage violations to the Defendants, the Defendants threatened to revoke and eventually revoked Plaintiff's work visa.

15.      Because the Plaintiff reported wage violations to the Defendants, the Defendants terminated his employment at Defendant Smart Source in October, 2015.

16.     By terminating the Plaintiff, the Defendants discriminated and retaliated against the Plaintiff in violation of the RIWA and the RIWPA.

17.     Defendants' unlawful and discriminatory acts and/or omissions are in violation of the RIWA and the RIWPA and were motivated by malice and ill will toward the Plaintiff, and Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

18.     As a proximate result of Defendants' unlawful and discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will

continue to suffer loss of income, mental and physical anguish, pain and suffering, loss of enjoyment of life, and other harm.

## VI.    Claims for Relief

19.     The Plaintiff incorporates the allegations contained in ¶¶1 through 18 above in the counts set forth below.

### Count One
### Violation of RIWA, R.I.G.L. §28-14-1, *et seq.*
### [Wages]

20.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIWA by failing or refusing to pay the Plaintiff for all work performed, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2.

### Count Two
### Violation of RIWA, R.I.G.L. §28-14-1, *et seq.*
### [Discrimination]

21.     Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to, those described herein, violated the RIWA by subjecting the Plaintiff to workplace discrimination and retaliation and by terminating his employment for reporting wage violations to the Defendants, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.3.

### Count Three
### Violation of RIWPA, R.I.G.L. §28-50-1, *et seq.*

22.     Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to, those described herein, violated the RIWPA by subjecting the Plaintiff to workplace discrimination and by terminating his employment for reporting wage violations to

the Defendants, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-50-4.

### Count Four
### *Quantum Meruit*

23.     That the Plaintiff is entitled to compensation from the Defendants for his the reasonable value of his professional time and services provided to and for the benefit of the Defendants.

### VII.    Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1.      a declaratory judgment declaring that the Defendants willfully violated the wage requirements under the RIWA in the manner complained of herein;

2.      in the alternative, a declaratory judgment declaring that the Defendants violated the wage requirements under the RIWA in the manner complained of herein;

3.      a declaratory judgment declaring that the Defendants violated the RIWPA in the manner complained of herein;

4.      an award of compensatory damages;

5.      an award of liquidated damages pursuant to R.I.G.L. §28-14-19.2;

6.      an award of reasonable attorneys fees and costs of litigation pursuant to R.I.G.L. §§28-14-19.2 and 28-50-5.

7.      an award of such other and further relief as this Honorable Court deems just and proper.

### VIII.   Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX.  **Designation of Trial Counsel**

The Plaintiff hereby designates V. Edward Formisano, Esq. and Michael D. Pushee, Esq.

as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone:    (401) 944-9691
Facsimile: (401) 944-9695

Dated:  November 5, 2015